UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: **00-6198 CR - HURLEY**

21 U.S.C. §841(a)(1)
18 U.S.C. §2

MAGISTRATE JUDGE
VITUNAC

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

GREGORY REID COLLINS, and
JULIE COLLINS,

        Defendants,

_____/

<u>INDICTMENT</u>

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

From on or about July 7, 2000, through on or about July 12, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

      GREGORY REID COLLINS, and,
        JULIE COLLINS,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of 3,4-



methylenedioxymethamphetamine, commonly known as "Ecstasy"; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

NANCY VORPE QUINLAN
ASSISTANT UNITED STATES ATTORNEY

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6198**

UNITED STATES OF AMERICA

v.

GREGORY REID COLLINS, et al

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**  n/a

**Court Division:** (Select One)

New Defendant(s)          Yes _____   No _____
Number of New Defendants      _____
Total number of counts        _____

_____ Miami    _____ Key West
X  FTL    _____ WPB    _____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:          (Yes or No) _No_____
    List language and/or dialect  _____

4.  This case will take _3__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

    I      0 to 5 days        X_____          Petty      _____
    II     6 to 10 days       _____           Minor      _____
    III    11 to 20 days      _____           Misdem.    _____
    IV     21 to 60 days      _____           Felony     X____
    V      61 days and over   _____

6.  Has this case been previously filed in this District Court? (Yes or No) _____
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)
                                              Yes
    Has a complaint been filed in this matter? (Yes or No) _____
    If yes:

    Magistrate Case No.  _Collins, Gregory Reid 00-3057-TEB, and Collins, Julie 00-4175-BSS_
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _7-12-00_____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____ District of _____

    Is this a potential death penalty case? (Yes or No) _No_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No    If yes, was it pending in the Central Region? __ Yes __ No

8.  Did this case originate in the Narcotics Section, Miami? _X_ Yes __ No
    (Note: Gregory Reid Collins, only)

                    _Bruce Reinhart_____
    for  NANCY VORPE QUINLAN
         ASSISTANT UNITED STATES ATTORNEY
         Florida Bar No. 0593532

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

CR - HURLEY

Defendant Name: GREGORY REID COLLINS        Case No.: 00- 6198

Count # ___ One ___

_____ Possession with intent to distribute a Schedule I controlled _____
        substance

Max. Penalty: 0-20 yrs imprisonment; $1,000,000.00 fine

====================================================================

Count #:_____

_____

Max. Penalty:_____

====================================================================

Count #:_____

_____

Max. Penalty:_____

====================================================================

Count #:_____

_____

Max. Penalty:_____

====================================================================

Count #:_____

_____

Max. Penalty:_____

====================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
<u>PENALTY SHEET</u>

**CR - HURLEY**

Defendant Name: <u>JULIE COLLINS</u>          Case No.: **00 - 6198**

Count # ___ One

MAGISTRATE JUDGE

Possession with intent to distribute a Schedule I controlled
substance

Max. Penalty: <u>0-20 yrs imprisonment; $1,000,000.00 fine</u>

===================================================================

Count #: _____

_____

Max. Penalty: _____

===================================================================

Count #: _____

_____

Max. Penalty: _____

===================================================================

Count #: _____

_____

Max. Penalty: _____

===================================================================

Count #: _____

_____

Max. Penalty: _____

===================================================================

No. _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Southern _ _ _ _ District of _ _ _ _ Florida

Northern _ _ _ _ _ _ _ Division

## THE UNITED STATES OF AMERICA

vs.

GREGORY REID COLLINS, and

JULIE COLLINS

## INDICTMENT

21 U.S.C. 841(a)(1)
18 U.S.C. 2

_A true bill._

_[signature]_

Foreman

_Filed in open court this_ _ _ _ _ _

_of_ _ _ _ _ _ _ _ _ _ _ _ A.D. 19 _ _ _ _ _ _ _ _ day

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Clerk

Bail, $ _ _ _ _ _ _ _ _ _ _

GPO 883 528

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. *00 - 3057 - Bandstra*

UNITED STATES OF AMERICA

v.

*Gregory Reid Collins*

*Stipulated*
**ORDER DENYING GOVERNMENT'S
REQUEST FOR PRETRIAL DETENTION &
SETTING A BOND**

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____ The government's motion is **denied**.

_____ The defendant's motion is **granted**; bond is set at:

____ Personal Surety, unsecured, in the amount of
$_____

____ Personal Surety in the amount of $_____
with 10% posted with Clerk of Court.

____ Personal Surety in the amount of $_____
secured by the following collateral: _____

_____

____ Full Cash in the amount of $_____

✓ Corporate Surety in the amount of $*500,000 w/ Nebbia*

____ Full Cash or Corporate Surety in the amount of
$_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
✓ REPORT TO PRETRIAL SERVICES AS FOLLOWS: *TWO* WEEKLY IN PERSON; *TWO* WEEKLY BY PHONE.
__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
   PROHIBITED BY LAW. *Remain SDFL*
__ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
__ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND:_____

*No hearing held - counsel may re-visit bond issue.*

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this *14* day of *July*, 2000.

TAPE NO. 00C-*47-112*

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

c:AUSA, Defense,
  Pretrial Services
  U.S. Marshal
*Jon Loo*
*M. Nurick, Esq.*

kohrgcnsl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. *OO - 30 57 - Bandstra*

UNITED STATES OF AMERICA,
vs.

*Gregory Reid Collins*

**ORDER ON HEARING TO
REPORT RE COUNSEL**

The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____    Private counsel_____
            appeared in open court and is noted as permanent
            counsel of record.

_____    The defendant requested Court appointed counsel, was
            found eligible, and counsel will be appointed by
            separate order.

_____    The defendant requested Court appointed counsel but
            was found ineligible, and shall appear before the
            Court on _____
            at 10:00 a.m. to report regarding his/her further
            efforts to retain counsel, unless counsel notices a
            permanent appearance before that date.

___✓___    The defendant requested further time to retain
            counsel and shall appear before the Court on
            ___*7/27/00*_____ at 10:00 a.m. to report
            regarding his/her further efforts to retain counsel,
            unless counsel notices a permanent appearance before
            that date. *+ arraignment*

**DONE AND ORDERED** at Miami, Florida this *14* day of *July*,

*2000.*

TAPE NO.00C-*47-112*

c: AUSA - *Loo, Jon*
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

*4/nd*

koia.

FILED by _____ JY_____ D.C.
JUL 1 ? 2000

C. ___ ___ ___ DOX
CLE ___ ___ ___ CT.
S.D. OF FLA.    MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _OC - 3o 57 Benedatic_

UNITED STATES OF AMERICA

      Plaintiff,

      v.

GREGORY REID COLLINS

      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**

Language __ENGLISH_____

Tape No. _00B - 52 - 1673_____

AUSA _____

Agent _DEA - ROBERT BARRETT (561) 684-8000_

DOB: 8-10-73

Reg # 61774-004

      The above-named defendant having been arrested on ___7-12-00___ having appeared before the court for initial appearance on ___7-12-00___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Michael Papuc_____ appeared as ~~permanent~~/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____ 7-14 ___, 2000.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am___ 7-27___, 2000.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am 7-14___, 2000.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   _____
   _____

      This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.

___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____

___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___d. Maintain or actively seek full time gainful employment.

GREGORY REID COLLINS

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 12TH day of July , 2000.

_____
**UNITED STATES MAGISTRATE JUDGE**
**TED E. BANDSTRA**

c: Assistant U.S. Attorney
Defendant
Counsel
U.S. Marshal
Pretrial Services/Probation

AO 91 (Rev. 5/85) Criminal Complaint



FILED by _____ D.C.

JUL 1_ 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

# *United States District Court*

_____ **SOUTHERN** _____    **DISTRICT OF** _____ **FLORIDA** _____

UNITED STATES OF AMERICA

V.                                           **CRIMINAL COMPLAINT**

**GREGORY REID COLLINS**

**CASE NUMBER:** *00-3057- Bandstra*

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _____ **July 7, 2000** _____ in _____ **Miami-Dade** _____ County, in the

_____ **Southern** _____ District of _____ **Florida** _____ defendant did, (Track Statutory Language of Offense)

did knowingly and intentionally combine, conspire, and confederate with others to distribute and possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of MDMA, Methylenedioxymethamphetamine (Ecstasy);

in violation of Title **21** United States Code, Section(s) **846** _____

I further state that I am a _____ **Special Agent** _____ and that this complaint is based on the following
                                              Official Title

facts:

**SEE ATTACHED AFFIDAVIT INCORPORATED HEREIN BY REFERENCE**

Continued on the attached and made a part hereof:   [x] Yes   [ ] No

Signature of Complainant
**Special Agent Richard Bendekovic**
**Drug Enforcement Administration**

Sworn to before me, and subscribed in my presence,

**July 12, 2000** _____          **Miami, Florida** _____
Date                                       City and State

**United States Magistrate Judge Ted E. Bandstra** _____
Name and Title of Judicial Officer            Signature of Judicial Officer

# AFFIDAVIT

I, Richard Bendekovic, being duly sworn, depose and say:
I am a Special Agent with the United States Drug Enforcement
Administration ("DEA"), and have been so employed since 1991.

1.  On July 5, 2000, Gregory Reid Collins met with a DEA
    Confidential Source and provided him/her with a 8 dosage
    units of suspected Methylenedioxymethamphetamine (MDMA or
    Ecstasy). During this meeting, Gregory Reid Collins agreed
    to sell the Confidential Source ten thousand dosage units of
    MDMA for $8.00 per dosage unit on or about July 7, 2000.

2.  On July 7, 2000, at approximately 3:05 p.m., Gregory Collins,
    accompanied by his sister Julie Collins, went to the
    Confidential Source's residence located in Miami Beach,
    Miami-Dade County. Julie Collins retrieved a cardboard box
    from the back seat of her vehicle before entering the
    Confidential Source's residence.

3.  Once inside of the Confidential Source's residence, Gregory
    Collins took possession of the cardboard box from Julie
    Collins and placed it on the floor in front of the
    Confidential Source. Gregory Collins removed multiple yellow
    envelopes from the box. Gregory Reid Collins advised the
    Confidential Source that each envelope had been labeled with
    a "star or an A1" emblem. After viewing the MDMA, the
    Confidential Source exited his/her residence for
    approximately 30 seconds and retrieved $14,000.00 in United
    States currency from the trunk of her/his vehicle. The

Confidential Source reentered the residence and paid the $14,000.00 directly to Gregory Reid COLLINS. This meeting was audio and video taped.

4. It was subsequently determined that there were ten envelopes in the cardboard box, each containing approximately 1000 dosage units of suspected MDMA, totaling 10,000 dosage units. Each dosage unit was either white and labeled with a star or was pink and labeled with an "A1" emblem.

5. The suspected MDMA received on July 5, 2000, from Gregory Reid Collins is consistent in appearance with the 10,000 dosage units received on July 7, 2000. The Confidential Source also advised that the MDMA is consistent with MDMA he/she previously purchased from Gregory Reid Collins. FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Richard Bendekovic
Drug Enforcement Administration


Sworn to and subscribed
to before me this 12th day of
July, 2000.


TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE #  CO - 3057 KTB

VS.                               REPORT COMMENCING CRIMINAL ACTION

*Gregory Raid Collins*            PRISONER #  # 61774-004

**********************************************************************
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

( MIAMI )    FT. LAUDERDALE    WEST PALM BEACH    FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
**********************************************************************

ALL ITEMS ARE TO BE COMPLETED.  INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST:  7-12-2000          0755

2) LANGUAGE(S) SPOKEN:  *English*

3) OFFENSE(S) CHARGED:  21 USC 841(a)(1) 846 ~~Poss w/ int cocaine~~

4) U. S. CITIZEN  [✓] YES    [ ] NO    [ ] UNKNOWN

5) DATE OF BIRTH:  8-10-1973

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT    [✓] COMPLAINT TO BE FILED/ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE # _____

   ORIGINATING DISTRICT: _____

   COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES  [✓] NO

7) AMOUNT OF BOND: _____    WHO SET BOND _____

8) ARRESTING AGENT:  ~~DEA~~ Robert Barrett  DATE:  7-12-00
                     (PRINT NAME)

9) AGENCY  *DEA*                  PHONE:  561-684-8000

10) REMARKS: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA, FT. LAUD.

UNITED STATES OF AMERICA          CASE #  _CO-4175-BSS_

VS.                               REPORT COMMENCING CRIMINAL ACTION

_Julie Collins_          PRISONER #  _55400-004_

*************************************************************
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

MIAMI    (FT. LAUDERDALE)    WEST PALM BEACH    FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
*************************************************************

ALL ITEMS ARE TO BE COMPLETED. INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST:  _7-12-00_

2) LANGUAGE(S) SPOKEN:  _English_

3) OFFENSE(S) CHARGED:  _PWID MDMA    USC 841 (A)(1)_  _Title 21_

4) U. S. CITIZEN  [ X ] YES    [ ] NO    [ ] UNKNOWN

5) DATE OF BIRTH:  _01-16-71_

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT        [ X ] (COMPLAINT TO BE FILED) ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE #  _G8-00-0073_

   ORIGINATING DISTRICT:  _Southern Dist. OF Florida_

   COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES  [ X ] NO

7) AMOUNT OF BOND:  _$100,000 Personal Surety_    WHO SET BOND  _U.S. Federal Court_

8) ARRESTING AGENT:  _S/a Chris Mathes_    DATE:  _7-12-00_
   (PRINT NAME)

9) AGENCY  _DEA / WPBRO_    PHONE:  _(561) 684-8021_

10) REMARKS:  _____
    _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Julie Collins
    Defendant,

_____ /

FILED by _____ D.C.

JUL 1 3 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

APPEARANCE BOND: _____

CASE NO.: __00-4175-BSS__

    I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ *100,000* _____ Personal Surety Bond

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

    _____

    _____

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/FM-2
REV. 7/90



DEFENDANT:

CASE NUMBER:

## SPECIAL CONDITIONS OF BOND

In addition to complying with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

X  a.  Surrender all passports and travel documents to the Pretrial Services Office of the Court.

X  b.  Report to Pretrial Services as follows:            as directed

X  c.  Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.  XXXXX    Treatment as deemed necessary.

X  d.  Maintain or actively seek full-time gainful employment. — PTS to investigate workplace re: drug use

___ e.  Maintain or begin an educational program.

X  f.  Avoid all contact with victims or co witnesses to the crimes charged.

X  g.  Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h.  Comply with the following curfew:

X  i.  Comply with the following additional special conditions of this bond:  Travel: SD/FL
Reside at current address, no illegal drugs or excessive alcohol

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
WHITE to Court file
BLUE to defendant
GREEN to Assistant U.S. Attorney
YELLOW to Counsel
PINK to U.S. Marshal
GOLD to Pretrial Services

— 2 —

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this __13__ day of __July__, 19x 20, at __Ft. Lauderdale__, Florida.

Signed and acknowledged before me:

WITNESS: _____

ADDRESS: _____

_____ ZIP _____

DEFENDANT: (Signature) _Julie Collins_

ADDRESS: _2811 River Run Terr_

_Miramar, Fl_   ZIP _330 25_

TELEPHONE: _954 442 7978_

### CORPORATE SURETY

Signed this _____ day of _____, 19 ___, at _____, Florida.

SURETY: _____

ADDRESS: _____

_____ ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this _14 th_ day of _July_, 19 _2000_, at _FT2_, Florida.

SURETY: (Signature) _LeRoy G Collins_

PRINT NAME: _LeRoy G. Collins Jr_

RELATIONSHIP
TO DEFENDANT: _father_

ADDRESS: _1715 South AvAinge LAne._
_Homestead, FlA. 33035_

TELEPHONE: _305-246 2854_

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP
TO DEFENDANT: _____

ADDRESS: _____

TELEPHONE: _____

### APPROVAL BY COURT

Date: _7-13-00_

UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 3 —



U.S. MAGISTRATE JUDGE BARRY S. SELTZER - FT. LAUDERDALE

DEFT: Julie Collins (J)#

CASE NO: 00-4175-BSS

AUSA: Tom Lanigan *present*

ATTNY: Russell Wiliams (not present)

AGENT: _____

VIOL: _____

PROCEEDING: Initial Appearance

BOND REC: _____

BOND HEARING HELD - yes/no        COUNSEL APPOINTED: _____

BOND SET @ $ 100,000    Personal Surety Bond

CO-SIGNATURES: *father*

SPECIAL CONDITIONS:

FILED by _____ D.C.

JUL 13 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Δ — advised of charges
Δ — sworn

1) Do not violate any law.

2) Appear in court as directed.

3) Surrender and/or do not obtain passport/travel documents.

4) Rpt to PTS as directed/or _____ x's a week/month by phone; _____ x's a week/month in person.

5) Random urine testing by Pretrial Services. Treatment as deemed necessary.

— PTS to investigate workplace re. drug use

6) Maintain or seek full-time employment.

7) Maintain or begin an educational program.

8) No contact with victims/witnesses.

*passport already seized*

9) No firearms.

10) Curfew: _____

11) Travel extended to: SD/FL

12) _____ Halfway House

_____ Electronic Monitoring

*reside at current address no illegal drugs or excessive alcohol*

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: |
|---|---|---|---|
| INQUIRY RE COUNSEL: | 8-2-00 | 11:00am | BSS ✓ |
| PTD/BOND HEARING: | | | ✓ |
| PRELIM/ARRAIGN. OR REMOVAL: | 8-2-00 | 11:00am | BSS |
| STATUS CONFERENCE: | | | |

DATE: 7-13-00    TIME: 10:30am    TAPE # 00-056    PG # 2

ends 11:40

2673 - 3600
recalled
00-056
142 - 193

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 00-4175-BSS

UNITED STATES OF AMERICA.

Plaintiff.

v.    Julie Collins

Defendant.

ORDER ON INITIAL APPEARANCE

Language _____ English _____

Tape No. _____ 00- _056_ _____

AUSA _____ Lanigan _____

Agent _____

The above-named defendant having been arrested on _____ 7-12-00 _____, having appeared before the court for initial appearance on _____ 7-13-00 _____ and proceedings having been held in accordance with FRCP 5 or 40(a) it is thereupon

ORDERED as follows:

1. _will hire Russell Williams_ appeared as permanent (temporary) counsel of record.

   Address: _____

   Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.

   Address: _____

   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at _____ FRC 8- _2_ -00 on _11:00a_

4. Arraignment/Preliminary Removal/Identity Hearing is set for _____ BRD _8 2-00_ 11:00am

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. 3142(d) or (f) because _____

   A detention hearing, pursuant to 18 U.S.C. 3142 (f) is set for _____ 20 _____

6. The defendant shall be released from custody upon posting of the following type of appearance bond, pursuant to 18 U.S.C. 3142:

   _$100,000_ _PSB_

This bond shall contain the standard conditions of bond printed in the form of this Court and, in addition, the defendant must comply with the special conditions checked below:

_____ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

_____ b. Report to Pretrial Services as follows. _____ times a week by phone _____ times a week in person; other: _____

_____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

_____ d. Maintain or actively seek full-time gainful employment.

_____ e. Maintain or begin an educational program.

_____ f. Avoid all contact with victims of or witnesses to the crimes charged.

_____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

_____ h. Comply with the following curfew: _____

- 1 -

SD/FL-21
Rev 01/00

_____ i. Comply with the following additional special conditions of this bond: _____

_____

_____

This bond was set :   At Arrest          _____

On Warrant          _____

After Hearing       _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____

__ If this space is checked, an evidentiary hearing pursuant to *United States v. Nebbia*, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

DONE AND ORDERED at _Ft. Lauderdale_ this _13_ day of _____July_____ ,20 _00_ .

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/F M-1
Rev 01/00

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

JULIE COLLINS

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: *00 - 4175 - BSS*

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  July **  2000   in  Broward_  County, in the

_____ Southern _____ District of  Florida _____ defendant(s),  (Track Statutory Language of Offense)

did distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of MDMA, Methylenedioxymethamphatamine (Ecstasy).

in violation of Title  21___  United States Code, Section(s)  841(a)(1) _____

I further state that I am a(n)  Special Agent DEA  and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x ]Yes   [ ]No

S/A *Chris W. Mathes*

Signature of Complainant
Special Agent Chris W. Mathes
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

July 13, 2000 _____
Date

at  Fort Lauderdale, Florida
City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE _____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT

I, Christopher W. Mathes, being duly sworn, depose and say:
I am a Special Agent with the United States Drug Enforcement
Administration ("DEA"), and have been so employed since March
1998.  Prior to that employment, I was a Police Officer
assigned to the Criminal Investigations Division, with the
Johnson City Police Department, Johnson City, Tennessee, for
five and one half years.  I have completed in excess of 1,200
hours of basic and advanced law enforcement instruction
within the states of Tennessee and Florida as well as the DEA
Academy.  During my employment with DEA, I have received
specialized training regarding the investigation and
enforcement of drug violations and have actively participated
in numerous investigations related to persons involved in the
trafficking and importation of drugs, including MDMA, also
known as Methylnedioxymethamphatamine (Ecstasy).

1.  This affidavit is based upon an ongoing drug
    investigation, conversations with other law enforcement
    officers, information obtained through training and
    experience, enforcement activity previously conducted, a
    series of taped meetings and phone conversations.

2.  Beginning on or about July 1, 2000, a DEA Confidential
    Source had a series of recorded meetings and engaged in
    multiple recorded telephone conversations with Gregory
    Reid Collins at telephone (305)775-3329.  On that same
    date, Gregory Reid Collins met with the Confidential

Source at her/his residence and provided him/her with a sample (eight dosage units) of suspected MDMA.  As a result of these interactions, Gregory Reid Collins agreed to sell the Confidential Source ten thousand dosage units of MDMA for $8.00 per dosage unit on or about July 7, 2000.

3. On July 7, 2000, surveillance units observed Gregory Reid Collins driving a black BMW, bearing Florida License plate DD9-57Y and Julie Collins driving a green Jeep Grand Cherokee bearing Florida License plate WXP-52W.

4. At approximately 3:05 p.m., Gregory Reid Collins and Julie Collins arrived at the Confidential Source's residence, a location in Dade County, Florida.  Gregory Reid Collins exited his vehicle carrying a black portfolio case and entered the Confidential Source's residence.  Julie Collins exited her vehicle carrying a large black purse.  Julie Collins entered the back seat of her vehicle and retrieved a cardboard box from the back seat before entering the Confidential Source's residence.

5. Once inside of the Confidential Source's residence, Gregory Reid Collins took possession of the cardboard box from Julie Collins and placed it on the floor in front of the Confidential Source.  Gregory Reid Collins proceeded to retrieve multiple yellow envelopes from the box. Gregory Reid Collins advised the Confidential Source that

each envelope had been labeled with a "star or an A1"
emblem.  This meeting was audio and video taped.

6.   There were a total of ten envelopes in the cardboard box,
     each containing approximately 1000 dosage units of
     suspected MDMA, for a total of 10,000 dosage units.  Each
     dosage unit either was further labeled with a star and
     was white in color or was labeled with an A1 emblem and
     was pink in color.

7.   After viewing the MDMA, the Confidential Source exited
     his/her residence for approximately 30 seconds and
     retrieved $14,000.00 in United States currency from the
     trunk of her/his vehicle.  The Confidential Source
     reentered the residence and paid the $14,000.00 directly
     to Gregory Reid COLLINS, owing him an additional
     $66,000.00, which was to be paid at a later date.  This
     meeting was audio and video taped.

8.   The sample of suspected MDMA received on July 5, 2000,
     from Gregory Reid Collins is consistent with the 10,000
     dosage units received on July 7, 2000.  The Confidential
     Source also advised that the MDMA is consistent with that
     which he/she previously purchased from Gregory Reid
     Collins. *(CWM)* Your affiant has been involved in numerous
     MDMA investigations and based on the size, color, odor
     markings and packaging, the dosage units seized in
     this investigation are consistent with being MDMA. *(CWM)*

9. Based upon the foregoing events, I have probable cause to believe that Gregory Reid Collins and Julie Collins possessed a controlled substance, namely MDMA, in violation of Title 21, United States Code, Section 841(a)(1).

10. On July 12, 2000, DEA agents served a court authorized warrant at Handy Storage 350 South University drive, Pembroke Pines, Florida. Julie Collins was listed on the rental agreement. Seized from the locker were approximately 10,000 dosage units of Methylenedioxymethaphatamine (MDMA) also known by the street name of Ecstasy.

FURTHER AFFIANT SAYETH NAUGHT

CHRIS MATHES
DEA SPECIAL AGENT

Sworn to and subscribed before me
this 13th day of July 2000 in
Fort Lauderdale, Florida.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE