UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-6198-CR-HURLEY(S)

21 USC §841(a)(1)
21 USC §952(a)
21 USC §963
18 USC §2

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

GREGORY REID COLLINS,
JULIE COLLINS, and
MAXIMILLIAN C. MATETICH

     Defendants,

_____/

### SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

From at least as early as on or about July 5, 2000,
continuing through on or about July 24, 2000, in Broward and Dade
Counties, in the Southern District of Florida, and elsewhere, the



defendants,

GREGORY REID COLLINS,
JULIE COLLINS, and
MAXIMILLIAN MATETICH,

did knowingly and intentionally combine, conspire, confederate

and agree with each other and with persons known and unknown to

the Grand Jury to commit an offense against the United States,

that is, to violate Title 21, United States Code, Section 952(a).

It was the purpose and object of this conspiracy to

knowingly and intentionally import into the United States, from a

place outside thereof, a Schedule I controlled substance, that

is, a mixture and substance containing a detectable amount of

3,4-Methylenedioxymethamphetamine (commonly known as MDMA or

Ecstasy).

All in violation of Title 21, United States Code, Section

963.

COUNT TWO

From on or about July 5, 2000, through on or about July 12,

2000, in Broward County and in Dade County, in the Southern

District of Florida, and elsewhere, the defendants,

GREGORY REID COLLINS,
JULIE COLLINS, and
MAXIMILLIAN MATETICH

did knowingly and intentionally possess with intent to distribute

a Schedule I controlled substance, that is, a mixture and

2

substance containing a detectable amount of 3,4-

methylenedioxymethamphetamine, (commonly known as MDMA or

Ecstasy); in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

                              A TRUE BILL

                              _____
                              FOREPERSON


for _____
    GUY A. LEWIS
    UNITED STATES ATTORNEY


    _____
    NANCY VORPE QUINLAN
    ASSISTANT UNITED STATES ATTORNEY


3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GREGORY REID COLLINS, ET AL

CASE NO. _____ 00-6198-Cr-Hurley(s) _____

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

Court Division: (Select One)

_____ Miami _____ Key West
_____ FTL   X   WPB _____ FTP

New Defendant(s)          Yes  x   No _____
Number of New Defendants        1
Total number of counts          2

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) No _____
    List language and/or dialect _____

4.  This case will take   3   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                      (Check only one)

    I      0 to 5 days          X      Petty
    II     6 to 10 days        _____   Minor
    III    11 to 20 days       _____   Misdem.
    IV     21 to 60 days       _____   Felony    X
    V      61 days and over    _____

6.  Has this case been previously filed in this District Court? (Yes or No)_____ Yes
    If yes:
    Judge: _____ Hurley _____    Case No. ___ 00-6198-Cr- _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?     (Yes or No) Yes _____
    If yes:                                        00-4175-BSS(Collins,J)
    Magistrate Case No. ____ 00-3131-Turnoff(Matetich, M); 00-3057-TEB(Collins,G)
    Related Miscellaneous numbers: n/a _____
    Defendant(s) in federal custody as of 7-24-00 (Matetich,M), 7-12-00 (Collins, G),  7-12-00
    Defendant(s) in state custody as of _____ n/a _____ (Collins, J)
    Rule 20 from the ___ n/a _____    District of _____

    Is this a potential death penalty case? (Yes or No) No _____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No    If yes, was it pending in the Central Region?___ Yes __ No

_Nancy Vorpe Quinlan_
Nancy Vorpe Quinlan
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0593532

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: GREGORY REID COLLINS      Case No.: 00-6198-CR-HURLEY(s)

Count # ONE
Conspiracy to import a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

=======================================================================
Count #: TWO
Possesion with intent to distribute a Schedule I controlled subtance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

=======================================================================
Count #:

Max. Penalty:
=======================================================================
Count #:

Max. Penalty:
=======================================================================
Count #:

Max. Penalty:

=======================================================================
   *Refers only to possible term of incarceration, does not include
   possible fines, restitution, special assessments, parole terms,
   or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: JULIE COLLINS          Case No.: 00-6198-CR-HURLEY(s)

Count # __ONE

Conspiracy to import a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

======================================================================

Count #: __TWO

Possesion with intent to distribute a Schedule I controlled subtance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000,00 fine

======================================================================

Count #:

Max. Penalty:
======================================================================
Count #:

Max. Penalty:
======================================================================

Count #:

Max. Penalty:

======================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant Name: MAXIMILLIAN C. MATETICH    Case No.: 00-6198-CR-HURLEY(s)

Count # ___ONE

Conspiracy to import a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000.00 fine

================================================================

Count #: ___TWO

Possesion with intent to distribute a Schedule I controlled substance

Max. Penalty: 5-40 yrs imprisonment; $2,000,000,00 fine

================================================================

Count #:_____

Max. Penalty:_____
================================================================

Count #:_____

Max. Penalty:_____
================================================================

Count #:_____

Max. Penalty:_____

================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. CO-3131- *Sumaf*

UNITED STATES OF AMERICA,

vs.

*Maximillian matetich*

FILED by _____ D.C.
MAG. SEC.

AUG 3 - 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

This cause came before the Court and pursuant to proceedings held, it is thereupon

ORDERED AND ADJUDGED as follows:

Upon request of the parties, and good cause being shown, the _arraignment/initiation_ is hereby reset to _8/18/00_ at _10:00AM_ before the Duty Magistrate Judge.

DONE AND ORDERED at Miami, Florida this _____ day of _August_, _2000_.

TAPE NO: OOH-32-437

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-3131-TURNOFF

UNITED STATES OF AMERICA,

vs.

MAXIMILLIAN MATETICH

**ORDER ON HEARING TO
REPORT RE COUNSEL**

_____

FILED by _____ D.C.
MAG. SEC.
AUG 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____   Private counsel_____
    appeared in open court and is noted as permanent
    counsel of record.

_____   The defendant requested Court appointed counsel, was
    found eligible, and counsel will be appointed by
    separate order.

_____   The defendant requested Court appointed counsel but
    was found ineligible, and shall appear before the
    Court on _____
    at 10:00 a.m. to report regarding his/her further
    efforts to retain counsel, unless counsel notices a
    permanent appearance before that date.

___✓___   The defendant requested further time to retain
    counsel and shall appear before the Court on
    __8\18\00_____ at 10:00 a.m. to report
    regarding his/her further efforts to retain counsel,
    unless counsel notices a permanent appearance before
    that date.

**DONE AND ORDERED** at Miami, Florida this _____3rd_____ day of

_AUGUST_____, 2000.

TAPE NO. 00H-32-437

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE

c. Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal
   AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _OO - 3131 - Turnoff_

UNITED STATES OF AMERICA,

vs.

_MAXIMILLIAN MATETICH_

FILED by _____ D.C.
MAG. SEC.

AUG 3 - 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

**WAIVER**

I, _MAXIMILLIAN MATETICH_, the above-named defendant,
being advised of the nature of the charge(s) pending against me in
the U.S. District Court, Southern District of Florida, hereby
acknowledge the following facts to be true:

1)   I have been fully advised of my rights, specifically my
right to _an immediate PTD hearing / arraignment_

2)   I possess full knowledge and understanding of the charges
pending against me in this case.

3)   Of my own free will, I do hereby refuse and waive in open
court on _8/3/00_, my right to
_immediate ptd hearing / arraignment_

DATED:   _8/3/00_

_____
Defendant

_____
Counsel for Defendant

**MAGISTRATE JUDGE'S CERTIFICATE**

The undersigned United States Magistrate Judge certifies that the
defendant, having been advised of his Constitutional rights, has
refused and waived his/her right to _ptd - detention_
_hearing_.

DATED this _3rd_ day of _August_, 2000 at _MIAMI_
Southern District of Florida.

TAPE NO. 2000-H _32-437_

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'

c:  AUSA
    Defense Counsel
    Pretrial Services/Probation
    U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _OC - 3131 - Turnoff_

UNITED STATES OF AMERICA,

vs.

_Maximillian Matolich_



FILED by _____ D.C.
MAG. SEC.

Jul 31 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

    This cause came before the Court and pursuant to proceedings

held, it is thereupon

    **ORDERED AND ADJUDGED** as follows:

    Upon request of the parties, and good cause being shown, the

_Pretrial Detention_____ is hereby reset to

_8/3/00_____ at _10:00 am_____

before the Duty Magistrate Judge.

    DONE AND ORDERED at Miami, Florida this _31st_____ day of

_July_____, 2000.

TAPE NO: _0010-29-1024_

_____
UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'



c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _00-3131- Turnoff_

UNITED STATES OF AMERICA,

v.

MAXIMILLIAN MATETICH

NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL

FILED by _____ D.C.
MAG. SEC.
July 31 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

COMES NOW _HOWARD M. SREBNICK_ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
**obligations** imposed by the Court such as **preparing and filing
documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name (Printed) _HOWARD M. SREBNICK_

Counsel's Signature _____

Address _BLACK, SREBNICK & KORNSPAN, P.A._
_201 S. Biscayne Blvd #1300_ ZIP CODE: _MIAMI 33131_

Telephone _(305) 371 6421_

FAX _305 358-2006_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:00-3131-TURNOFF

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO
REPORT RE COUNSEL**

MAXIMILLIAN MATETICH

    The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel_____
appeared in open court and is noted as permanent
counsel of record.

_____ The defendant requested Court appointed counsel, was
found eligible, and counsel will be appointed by
separate order.

_____ The defendant requested Court appointed counsel but
was found ineligible, and shall appear before the
Court on _____
at 10:00 a.m. to report regarding his/her further
efforts to retain counsel, unless counsel notices a
permanent appearance before that date.

_____ The defendant requested further time to retain
counsel and shall appear before the Court on
\_\_\_8/3/00_____ at 10:00 a.m. to report
regarding his/her further efforts to retain counsel,
unless counsel notices a permanent appearance before
that date.

    **DONE AND ORDERED** at Miami, Florida this \_\_\_31st_____ day
of JULY_____, 2000.

TAPE NO.2000H-29-1024

c: AUSA
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

UNITED STATES MAGISTRATE JUDGE
ROBERT L. DUBE'



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:00-3131-TURNOFF

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

MAXIMILLIAN MATETICH

     The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel_____
          appeared in open court and is noted as permanent
          counsel of record.

_____ The defendant requested Court appointed counsel, was
          found eligible, and counsel will be appointed by
          separate order.

_____ The defendant requested Court appointed counsel but
          was found ineligible, and shall appear before the
          Court on _____
          at 10:00 a.m. to report regarding his/her further
          efforts to retain counsel, unless counsel notices a
          permanent appearance before that date.

___✓_____ The defendant requested further time to retain
          counsel and shall appear before the Court on
          _July 31, 2001_____ at 10:00 a.m. to report
          regarding his/her further efforts to retain counsel,
          unless counsel notices a permanent appearance before
          that date.

     **DONE AND ORDERED** at Miami, Florida this ____28____ day
of_JULY_____, 2000.

TAPE NO.2000G-_70-807_

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE
c: AUSA                            WILLIAM C. TURNOFF
   Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. _CO- 3131 - Turnoff_

UNITED STATES OF AMERICA,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

_Maxim Matetich_

COMES NOW _Ralph S. Behr_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations** imposed by the Court such as **preparing and filing**

**documents** necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** _Ralph S. Behr_

Counsel's Signature _Ralph S Behr_

Address _101 S.E. 1C St_

_Fort Lauderdale, Fl_  ZIP CODE: _33316_

Telephone _(954) 761-3444_

FILED by _____ D.C.
MAG. SEC.
JUL 26 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

4
M

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _CC - 3 / 3 / - Turner f_

UNITED STATES OF AMERICA

      Plaintiff,

v.

MAXIMILLIAN MATETICH
      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language __ENGLISH__
Tape No. __00G -c 8 -2 c 1__
AUSA _David Weinstein_
Agent DEA/CHRIS MATHES

FILED 2000
MAG. SEC _TTE__ D.C.
JUL 2 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

DOB:  07-20-65
Rcg #  66109-004

    The above-named defendant having been arrested on_07-24-2000_____having appeared before the court for initial appearance on _____07-25-2000_____
_and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Ralph Behr_____ appeared as permanent/temporary counsel of record.
  Address: _10 1      S      C    St    Ft Lauderdale, Fl_
  Zip Code: ____3 3 3 / 2____ Telephone: ____9 5 4   761 - 3 4 4 4____
2. _____ appointed as permanent counsel of record.
  Address: _____
  Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on ____July 3 1_____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for_10am July 3 1_____, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
  A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am July 3 1_, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



## MAXIMILLIAN MATETICH

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Miami, Florida, this 25 day of July , 2000.

                                        _____
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **WILLIAM C. TURNOFF**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

AO 91 (Rev. 5/85) Criminal Complaint    AUSA VORPE QUINLAN

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

MAXIMILLIAN CHARLES MATETICH

(Name and Address of Defendant)

FILED by _____ D.C.
MAG. SEC.
JUL 2 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**CRIMINAL COMPLAINT**

CASE NUMBER: _CC · 3131 - TURNO__

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 5, 2000 through July 24, 2000 in Broward and Miami-Dade Counties, in the ___ Southern ___ District of Florida, the defendant, did knowingly and intentionally combine, conspire, confederate and agree to commit an offense against the United States, that is, to violate Title 21, United States Code, Section 952. It was the purpose and object of this conspiracy to knowingly and intentionally import into the United States from outside the United States a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (commonly known as MDMA or "Ecstasy"), a Schedule I controlled substance.

in violation of Title __ 21 __ United States Code, Section(s) ___ 952 and 963 _____

I further state that I am a(n) ___ Special Agent of the Drug Enforcement Administration ___ and that this complaint is based on the following facts:
Official Title

Please see attached affidavit.

Continued on the attached and made a part hereto: [x] Yes [ ] No

_S/A Chris W. Mathes_____
Signature of Complainant
Special Agent Chris W. Mathes
U.S. Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

THE COURT FINDS PROBABLE CAUSE.

__ July 25, 2000 _____
Date

at __ Miami, Florida _____
City and State

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## BOND RECOMMENDATION

### MAXIMILLIAN CHARLES MATETICH,

Defendant.

Pre-trial Detention is recommended.

Nancy Vorpe Quinlan
Assistant U. S. Attorney

# AFFIDAVIT

I, Christopher W. Mathes, being duly sworn, depose and say:

1). I am a Special Agent with the United States Drug Enforcement Administration ("DEA"), and have been so employed since March 1998. Prior to that employment, I was a Police Officer assigned to the Criminal Investigations Division, with the Johnson City Police Department, Johnson City, Tennessee, for five and one half years. I have completed in excess of 1,200 hours of basic and advanced law enforcement instruction within the states of Tennessee and Florida as well as the DEA Academy. During my employment with DEA, I have received specialized training regarding the investigation and enforcement of drug violations and have actively participated in numerous investigations related to persons involved in the trafficking and importation of drugs, including MDMA, also known as Methylnedioxymethamphatamine (Ecstasy).

2). This affidavit is based upon an ongoing drug investigation, conversations with other law enforcement officers, information obtained through training and experience, enforcement activity previously conducted, and a series of taped meetings and telephone conversations. I have personally participated in this investigation and am familiar with the facts and circumstances of this investigation. I have not included in this Affidavit each and every fact and circumstance known to me, but only those facts and circumstances that I believe are sufficient to establish probable cause.

3). Beginning on July 5, 2000, pursuant to an on going DEA investigation, approximately 30,000 dosage units of MDMA were seized by the DEA. More particularly, on July 5, 2000 a sample of eight (8) MDMA dosage units, bearing the emblems of "A1" or a star symbol were seized. On July 7, 2000, approximately 10,000 dosage units of MDMA were seized bearing the emblems of "A1" or a star symbol. On July 12, 2000, approximately 10,000 dosage units were seized, bearing the emblems of "007" or a triangle symbol. On July 14, 2000, approximately 10,000 dosage units were seized, also bearing the emblem of "007." The dosage units of the seized MDMA have been subsequently tested by the Southeast Regional DEA Laboratory and confirmed positive for the presence of MDMA (ecstasy).

4). Subsequent to the seizures of the MDMA, two defendants were arrested and cooperated with law enforcement in the investigation. These defendants identified their source for the ecstasy as a person named "Charlie" Matetich. Based upon his/her cooperation one of these two individuals has now been documented as a Confidential Source (CS).

5). Beginning on or about July 20, 2000, the aforementioned CS had a series of recorded telephone conversations with an individual now identified as Maximillian Charles MATETICH who at the time of the phone calls was in Europe and then in Canada. During these telephone conversations, MATETICH and the CS discussed the July 5th, July 7th, July 12th, and July 14, 2000 shipments of MDMA as set forth above. They discussed the symbols on the tablets, specifically the "007," the stars, the triangles, and the "A1" symbols, and the fact that the shipments were not of a good quality. They also discussed conducting another deal for 10,000 pills, for a price of $24,000.00. Also, an amount of $4200.00 had to be sent to pay off a previous debt for ecstasy pills.

6).  On Friday, July 21, 2000, DEA sent a series of Western Union money transfers to Amsterdam in the Netherlands representing the $4200.00.  In a subsequent telephone conversation between the CS and Matetich, they discuss the Western Union tracking numbers for the $4200.00. DEA confirmed that the $4200.00 was retrieved in the Netherlands the next day.

5).  On July 24, 2000, Matetich arrived by airplane at the Fort Lauderdale, Florida airport from Canada.  The CI met Matetich at the airport.  The CI was wired for transmission of the conversations between the CI and Matetich.  The DEA agents listening to the transmission of the conversation heard Matetich state that "he had received the $4200.00."  Later on that same day, Matetich was taken into custody in Miami, Florida.  After being advised of his Miranda rights, Matetich admitted that he was in the ecstasy business.  He disclosed the name of his source for ecstasy and stated that he owed this source $100,000.00.  Agents also seized a ledger book from him which Matetich stated memorialized the debt of $100,000.00 to this source.

6).  Based upon the foregoing events, your affiant requests the issuance of a complaint charging Maximillian Charles MATETICH with conspiracy to import a controlled substance, namely MDMA, in violation of Title 21, United States Code, Sections 952 and 963, on the basis of the probable cause set forth in this affidavit.


FURTHER AFFIANT SAYETH NAUGHT




CHRIS MATHES
DEA SPECIAL AGENT




Sworn to and subscribed before me
this _____ day of July 2000 in
Miami, Florida.



_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

MAXIMILLIAN CHARLES MATETICH,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?    ____ Yes   __X__ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?   ____Yes   __X__ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
    Nancy Vorpe Quinlan
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar Number 0593832
    500 Australian Avenue, Suite 400
    West Palm Beach, Florida 33401
    TEL (561) 820-8711
    FAX (561) 659-4526
    Nancy.Vorpe-Quinlan@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE # _60-3131 - Turnoff_

VS.                               REPORT COMMENCING CRIMINAL ACTION

MAXIMILLIAN C. MATETICH          PRISONER # 66169-004

**********************************************************************

TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

( MIAMI )    FT. LAUDERDALE    WEST PALM BEACH    FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)

**********************************************************************

ALL ITEMS ARE TO BE COMPLETED.  INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST:  7/24/00

2) LANGUAGE(S) SPOKEN:  English

3) OFFENSE(S) CHARGED:  21 USC 952 (Unlawful Importation)

4) U. S. CITIZEN  [  ] YES    [X] NO    [  ] UNKNOWN

5) DATE OF BIRTH:  7/20/65

6) TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
   [  ] INDICTMENT        [X] COMPLAINT TO BE FILED/ALREADY FILED
   [  ] BENCH WARRANT FOR FAILURE TO APPEAR
   [  ] PROBATION VIOLATION WARRANT
   [  ] PAROLE VIOLATION WARRANT

   CASE # _____

   ORIGINATING DISTRICT:  Southern Dist. of FL.

   COPY OF WARRANT LEFT WITH BOOKING OFFICER  [  ] YES    [  ] NO

7) AMOUNT OF BOND: _____  WHO SET BOND _____

8) ARRESTING AGENT:  S/A Chris Mathes      DATE:  7/24/00
                     (PRINT NAME)

9) AGENCY  D.E.A./WPBRO          PHONE:  (561) 684-8000

10) REMARKS: _____

    _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. ___00-6198-Cr-Hurley(s)___ |
|---|---|

v.

**CERTIFICATE OF TRIAL ATTORNEY\***

GREGORY REID COLLINS, ET AL.

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)        Yes  _X_   No ___
Number of New Defendants        _1_
Total number of counts        _2_

___ Miami ___ Key West
___ FTL _X_ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) No ___
    List language and/or dialect ___

4.  This case will take  _3_  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                    (Check only one)

| I | 0 to 5 days | X | Petty | |
|---|---|---|---|---|
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)___ Yes
    If yes:
    Judge: ___Hurley___        Case No. ___00-6198-Cr-___
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?        (Yes or No) Yes ___
    If yes:        00-4175-BSS(Collins,J)
    Magistrate Case No. ___00-3131-Turnoff(Matetich, M); 00-3057-TEB(Collins,G)___
    Related Miscellaneous numbers: n/a
    Defendant(s) in federal custody as of  7-24-00 (Matetich,M), 7-12-00 (Collins, G), 7-12-00
    Defendant(s) in state custody as of___ n/a ___(Collins, J)
    Rule 20 from the___ n/a ___        District of ___

    Is this a potential death penalty case? (Yes or No) No ___

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region?___ Yes___ No

*Nancy Vorpe Quinlan*
Nancy Vorpe Quinlan
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0593532