UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6198-CR-HURLEY(s)

UNITED STATES OF AMERICA )
)
    Plaintiff, )
)
v. )
)
GREGORIE REID COLLINS )
JULIE COLLINS, )
)
)
    Defendant. )
_____ )

**GOVERNMENT'S RESPONSE TO
STANDING DISCOVERY ORDER**

  The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. Defense counsel for Julie Collins, defense counsel for Greg Collins, the two DEA case agents and counsel for the government met at the offices of the Drug Enforcement Administration to discuss the discovery and to negotiate a plea. All discovery was available to defense counsel at that time. There was a search warrant of a storage facility. The facts of the case were discussed including the number of shipments of ecstasy involved in the case and the statements made by both defendants upon arrest and at other times. This discovery



response is filed to memorialize the exchange of information and discovery provided during the plea negotiations in this case. All evidence and discovery remains at the Offices of the DEA and is available at defense counsel's convenience. In addition, all reports of interviews with Julie Collins have been faxed to defense counsel. Counsel for Greg Collins has indicted that further discovery is not necessary.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant.

(There were video tapes and audio tapes made of a meeting between a confidential source and the defendants. At that meeting, the defendants sold ecstasy to the confidential source. All of tapes and videos were available to defense counsel at the discovery conference at the Office of the DEA in West Palm Beach.

        2.    The government is aware of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a

2

government agent has been provided to defense counsel.

3. No defendant testified before the Grand Jury.

4. There is no NCIC record of the defendant known to the government.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant were available at the discovery conference at DEA in West Palm Beach. Some of the evidence in the government's possession: Ecstasy pills; packaging for ecstasy pills with mailing labels and packing materials; cassette tapes and video tapes containing statements of the defendant; Records from a storage facility. The ecstasy pills and packaging are presently at the Southeast Regional Laboratory.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case. Except that a laboratory analysis of the substances seized in connection with this

3

    case was performed and those reports were provided to defense counsel.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). No such information is known at this time.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). There are cooperating witnesses in this case. Disclosures pursuant to this paragraph will be made to you should the defendant elect to go to trial. At this time, it

is the government's understanding that the defendant intends to plead guilty.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government should the defendant elect to go to trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section

5

2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent

fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. However, the government intends to offer the expert testimony as follows: an expert in the field of chemical analysis / narcotics-trafficking [methods] [terminology] and [market price]. The experts' curriculum vitae will be provided to you should the defendant elect to go to trial. Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be

discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial. The government requests notice of any alibi defense.

                    Respectfully submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

By: *[signature]*
       Nancy Vorpe Quinlan
       Assistant United States Attorney
       Florida Bar No. 0593532
       500 Australian Ave
       West Palm Beach, FL 33401
       Tel: (561) 820-8711
       Fax: (561) 820-8777

cc: Special Agent Roberto Bryan,
    Special Agent Chris Mathes,
    DEA

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by fax to Sam Smargon, AFPD, counsel for Julie Collins, and to Marc Nurik, Esquire, counsel for Greg Collins this 18th day of January, 2001.

*[signature]*
NANCY VORPE QUINLAN
Assistant United States Attorney

8