FILED by D.C.
MAG. SEC.
JAN 15 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6198-Cr-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JULIE COLLINS,

Defendant.
_______________________________/

**ORDER AND**
**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court for an initial hearing on a superseding petition for violations of supervised release and for consideration of the issue of detention pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a). The Defendant, JULIE COLLINS, appeared before the Court on January 15, 2004, represented by AFPD Peter Birch. The Defendant is charged with six (6)violations of supervised release. Violations number one (1), four (4), five (5), and six (6) allege that the Defendant unlawfully possessed or used a controlled substance, cocaine, on November 19, December 3, 8, 10, 11, 15, 19, 22, 24, and 29, 2003, as evidenced by the testing of her urine specimens by PharmChem Laboratories, Inc. Violation number two (2) alleges that the Defendant failed to



submit to urinalysis on or about November 28, 2003. Finally, violation number three (3) alleges that the Defendant failed to participate in the Home Detention Electronic Monitoring Program on November 19, 2003, by using time for which she was granted permission to be away from her residence for unauthorized activities, namely, the purchase of cocaine at a pawn shop.

The Court finds that the Defendant knowingly, intelligently, and voluntarily admits to violating her supervised release and would like to proceed to sentencing. The Court also finds that the Defendant knowingly, intelligently, and voluntarily waives her rights to both a preliminary and a final revocation hearing.

The Court RECOMMENDS that the District Court accept the Defendant's admission and find the Defendant guilty of violating her supervised release. The Court also recommends that this matter be set down for sentencing before the District Court.

As to the issue of detention, the Rules of Criminal Procedure provide that a magistrate judge may release or detain a person charged with violating supervised release pursuant to 18 U.S.C. § 3143(a). *See,* Fed. R. Crim. P. 32.1(a)(6), 46(c). Both Rules 32.1(a)(6) and 46(c) provide that the Defendant bears the burden of establishing that he or she will not flee or pose a danger to any other person or to the community. Moreover, the Court is required to detain the Defendant unless the Court

finds, by clear and convincing evidence, that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. *See*, 18 U.S.C. § 3143.

While the Government has requested the Court to detain the Defendant pending sentencing, the Defendant has asked the Court to grant her a furlough of five (5) days to allow her to get her personal affairs in order. The Defendant proffered that her boyfriend and his father would co-sign a bond for her, and requested the Court to allow her to be released to their custody until she self surrendered at FDC in Miami in five (5) days. Application of Rule 32.1 leads the Court to find that the Defendant has not met her burden of proving, by clear and convincing evidence, that she is not likely to pose a danger to the safety of any other person or the community if released because the violations, which have been freely admitted by the Defendant, show that the Defendant has not been able to abide by the rules of the Home Detention Electronic Monitoring Program, and has continued to purchase and use cocaine on a frequent basis while on supervised release and in the custody of her parents. Under such circumstances, and in light of the dictates of 18 U.S.C. § 3143, the Court HEREBY ORDERS that the Defendant, JULIE COLLINS, be detained until further order of the Court.

IT IS HEREBY ORDERED that the Defendant be remanded to the custody of

the U.S. Marshals until the Defendant's sentencing on the alleged violations occurs before the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida. The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk is ORDERED to set this matter before the sentencing calendar of United States District Judge Daniel T. K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days of being served with a copy of this Report and Recommendation. *See,* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 15 day of January, 2004.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA Nancy Vorpe Quinlan
AFPD Peter Birch
U.S. Marshal
U.S. Probation
Clerk of Court