**United States Government**
MEMORANDUM

DATE:   January 5, 2003

FROM:   Sheila B. Martinez
        U.S. Probation Officer
        Snapper Creek, Miami, FL
        (305) 412-2332



SUBJECT: COLLINS, Julie
         **Docket No. 00-6198-CR-HURLEY**
         SD/FL PACTS No. 64633

TO:     The Honorable Daniel T. K. Hurley
        U. S. District Judge, West Palm Beach, FL

## VIOLATION OF SUPERVISED RELEASE AND REQUEST FOR SUPERSEDING PETITION

### I.   COMPLIANCE WITH SUPERVISION CONDITIONS

On May 10, 2002, Julie Collins began her two year term of supervised release in the Southern District of Florida. On May 10, 2002, she was instructed as to the special conditions of her supervision, which included participation in an approved treatment program for mental health and/or substance abuse as directed by the U.S. Probation Office; maintain full time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the United States Probation Officer and submit to search of her person or property.

### II.  CHARACTERISTICS

On September 21, 2003, the defendant was released from the Comprehensive Alcohol Rehabilitation Program (CARP). On October 27, 2003, she began participating in the Home Confinement Electronic Monitoring Program for a 90 day period.

Since her release, she has resided with her parents in their residence. Ms. Collins is receiving Supplemental Security Income (SSI) under the provision of Title XVI of the Social Security Act and is unemployed.

On November 19, 2003, Ms. Collins submitted to a urinalysis which tested positive for the presence of cocaine in our local laboratory and subsequently, confirmed positive by Pharm Chem Laboratories, Incorporated.

The Honorable Daniel T. K Hurley
United States District Court
January 5, 2004
Page 2

**RE: COLLINS, Julie**<br>**SD/FL PACTS No. 64633**

On November 19, 2003, the defendant called the Home Confinement Electronic Monitoring (EM) Officer and requested permission to go to the bank to handle a problem with her account. The defendant was given permission to be away from her residence between the hours of 10:30am to 1:00 pm for this activity. Based on her own admission, after conducting her banking business she proceeded to an unauthorized location (a pawn shop), in Goulds, Florida.

On November 28, 2003, during an early morning home visit, this officer requested that the defendant submit to a drug urinalysis test. Ms. Collins had been informed that she had tested positive for cocaine on November 19, 2003. After approximately one hour, wherein she consumed approximately four bottles of water, this officer instructed Ms. Collins to report to the U.S. Probation Office on December 1, 2003, to submit to a urinalysis. She explained that her inability to submit to a urinalysis was caused by the medications she is currently taking which make it difficult for her to urinate.

On December 1, 2003, after being confronted in reference to the positive urinalysis, Ms. Collins admitted to having used cocaine on November 19, 2003. In a written statement, she related that she was given permission by the EM officer to leave her residence to conduct personal business. After conducting her business, she claims she went to a pawn shop to sell items in order to get money to purchase presents. At the conclusion of the transaction at the pawn shop, she purchased cocaine for $10. She then used the illegal substance. She expressed remorse for her actions. The defendant has been sanctioned to report to the U.S. Probation Office on a weekly basis for urinalysis testing. She is in compliance with this sanction.

On December 3, 2003, Ms. Colllins submitted to a drug urinalysis test which proved positive for the presence of cocaine. Again, on December 8, 2003, Ms. Collins submitted to a drug urinalysis test which proved positive for the presence of cocaine. On December 11, 2003, when confronted, she admitted to having used cocaine on December 8, 2003. She stated that after having submitted to the urine test in the Snapper Officer, she went to a location in Florida City, FL, to buy cocaine. She stated she was informed of the location by the owner of the pawn shop from whom she had previously gotten drugs. Ms. Collins related she is trying to self destruct, however she is not suicidal. The defendant claims her home life is very chaotic and using cocaine gives her a few minutes of happiness each day.

The Honorable Daniel T. K Hurley
United States District Court
January 5, 2004
Page 3

RE:   **COLLINS, Julie**
      **SD/FL PACTS No. 64633**

Ms. Collins reports to the U.S. Probation twice weekly for drug urinalysis testing and has tested positive for cocaine on December 10, 11, 15, 19, 22, 24 and 29, 2003, respectively. She has admitted to having continually used cocaine during that time period.

In view of the violations outlined above, as well as the defendant's continued illegal drug use, it is respectfully recommended that Your Honor, if in agreement, please sign the attached Superseding Petition. On December 15, 2003, Your Honor signed the Petition for Offender Under Supervision ordering the issuance of a Warrant. The warrant was issued on December 18, 2003.

Respectfully submitted,

SBM

Attachments

Reviewed and Approved by: *[signature]*
Patricia C. Laskowski, Supervising
U.S. Probation Officer

PROB 12C
(SD/FL 9/96)

SD/FL PACTS No. 64633

# United States District Court

## for

### SOUTHERN DISTRICT OF FLORIDA

**Amended Petition for Offender Under Supervision**

Name of Offender: Julie Collins            Case Number:  00-6198-CR-HURLEY

Name of Sentencing Judicial Officer: The Honorable Daniel T. K. Hurley, Judge, District Court
                                     West Palm Beach, Florida

Date of Original Sentence: March 30, 2001

Original Offense:    Conspiracy to Import MDMA or Ecstasy, 21 U.S.C. § 952(a) and 963. A Class
                     C felony.

Original Sentence:   Eighteen months incarceration and two years supervised release. Special
                     Condition: Participation in an approved treatment program for mental
                     health/substance abuse as directed by U.S. Probation Office. Maintain full time
                     legitimate employment. Submit to search of person or property by U.S
                     Probation Office

**Type of Supervision: Supervised Release**      **Date Supervision Commenced: May 10, 2002**

Assistant U.S. Attorney:                          Defense Attorney:
Nancy Vorpe-Quinlan                               AFPD Samuel J Smargon

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of
supervision:

Violation Number        Nature of Noncompliance

   1                    **Violation of Mandatory Condition**, by unlawfully possessing or using a
                        controlled substance. On November 19, 2003, the defendant, submitted
                        a urine specimen which tested positive for the presence of cocaine in our
                        local laboratory; and subsequently confirmed positive by Pharm Chem
                        Laboratories, Incorporated.

   2                    **Violation of Special Condition,** by failing to submit to a urinalysis. On
                        or about November 28, 2003, the defendant failed to submit to a urinalysis
                        as instructed by the probation officer on November 26, 2003.

3  **Violation of Special Condition**, by failing to participate in the Home Detention Electronic Monitoring Program. On November 19, 2003 the defendant had an approved schedule to conduct banking business between the hours of 10:30 am and 1:00 pm. On December 1, 2003, the defendant admitted that she had used the approved time out for an unauthorized activity. The defendant claimed that during that time period she went to a pawn shop and purchased cocaine.

4  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 3, 2003, the defendant, submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently confirmed positive by Pharm Chem Laboratories, Incorporated.

5  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 8, 10, 11, 15 and 19, 2003, respectively the defendant, submitted urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently confirmed positive by Pharm Chem Laboratories, Incorporated.

6  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 22, 24 and 29, 2003, respectively the defendant, submitted urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently confirmed positive by Pharm Chem Laboratories, Incorporated.

U. S. Probation Officer Recommendation:

[X] The term of supervision should be
    [X] revoked
    [ ] extended for _____ years, for a total term of _____ years.
    [ ] The conditions of supervision should be modified as follows:

by  Respectfully submitted
    Sheila B. Martinez
    U.S. Probation Officer
    Phone: (305) 412-2332
    Date: January 5, 2003

THE COURT ORDERS:
[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Submit a Request for Modifying the Conditions or Term of Supervision

Signature of Judicial Officer

January 15, 2004
Date